UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
Email: spackman@archerlaw.com
         dleney@archerlaw.com
*Proposed Attorneys for Debtors*

| | |
|---|---|
| In re: <br><br> PLASTIC SUPPLIERS, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-22549 |
| In re: <br><br> SPECIALTY FILMS, INC., <br><br> Debtor. | Chapter: 11 <br><br> Case No.: 24-22550 |
| In re: <br><br> SIDAPLAX, INC., <br><br> Debtor. | Chapter: 11 <br><br> Case No.: 24-22551 <br><br> **Hearing Date: TBD – Shortened Notice Requested** <br><br> **Objections Due: TBD – Shortened Notice Requested** |

**MOTION FOR ORDER DIRECTING**
**JOINT ADMINISTRATION OF BANKRUPTCY CASES**

The above-captioned debtors, Plastic Suppliers, Inc. d/b/a Earthfirst ("PSI"), Sidaplax, Inc.

("SI"), and Specialty Films, Inc. ("SFI", and collectively with PSI and SI, the "Debtors"), by and

through their undersigned proposed counsel, hereby move the Court for the entry of an Order

229799985 v1

pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the joint administration of the Debtors' Chapter 11 cases and the consolidation thereof for procedural purposes only (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTUAL BACKGROUND[1]

3. On December 22, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court") (collectively, the "Bankruptcy Cases").

4. The Debtor is a leading global manufacturer of innovative, environmentally friendly thin-gauged, bio-based material using distinctive biopolymers such as Polylactic Acid ("PLA") and Polyhydroxyalkanoates ("PHA"). It also produces petrochemical-based films. It develops highly engineered application-specific solutions for a wide range of companies in the "Consumer Packaged Goods" and industrial markets. The Debtor provides its sustainable film solutions to customers in the Americas, EMEA region, and Asia. The Debtor's primary markets include food and beverage packaging, architecture products, medical equipment, personal care, office, industrial and laminated films for SME digital printers. The Debtor's products are

---

[1] The background facts regarding the Debtor's pre-petition business, events precipitating the filing of the Bankruptcy Case, and details surrounding the proposed sale of substantially all of the Debtor's assets are more fully set forth in the accompanying First Day Declaration of Michael DuFrayne (the "First Day Declaration"), which is incorporated herein by reference. Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the First Day Declaration.

2

compostable and recyclable and are utilized for, among other things, single-purpose bags, mailers, shrink sleeves, window packaging, envelopes, flow wraps, filters, transparent sealants, barrier sealants, print webs, adhesive labels, thermoforming films and laminates.

5.     Recently, the Debtor has faced financial difficulties as a direct result of a combination of (i) US and EU sanctions, (ii) the impact of COVID-19 on sales, and (iii) market headwinds encountered by the strategic shift from fossil fuel-based films to bio-based films.

6.     While these setbacks have had a devastating impact on the Debtor's liquidity, the Debtor continues to work with its customers to develop bio-resin compostable flexible packaging and industrial solutions.  The Debtor's consolidated opportunity pipeline has an estimated $95 million value.  The Debtor believes that a going concern sale of its business will maximize value for creditors and provide the opportunity for its projects to be realized and carry on with its sustainability mission.

## RELIEF REQUESTED AND BASIS THEREFOR

7.     The Debtors respectfully request entry of an Order directing that their Bankruptcy Cases be jointly administered pursuant to Fed. R. Bankr. P. 1015(b).  Joint administration of these cases will result in a more economical and efficient administration of these Bankruptcy Cases than would be achieved if each of the Debtors' Chapter 11 proceedings were administered separately.

8.     Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Advisory Committee Note to Rule 1015 recognizes that the joint administration of bankruptcy cases can promote expedience and cost efficiency by "using a single docket for the matters occurring in the administration, including the list of filed

claims, the combining of notices to creditors of the different estates, and the joint handlings of other purely administrative matters." *See,* Advisory Committee Note to Fed. R. Bankr. P. 1015(b).

9. In order to efficiently and economically serve the Debtors, the Bankruptcy Cases should be jointly administered for procedural purposes only. It is likely that many of the activities and actions of one Debtor will affect the other Debtors and will require court approval in each of the Bankruptcy Cases.

10. Given the relationship among the Debtors, joint administration of the Bankruptcy Cases would result in substantial savings arising from the elimination of duplicative pleadings and other activities required by each of the Debtors in the Bankruptcy Cases, and thereby benefit the estates and their creditors.

11. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Bankruptcy Cases because each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from the joint administration. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files. Supervision of the administrative aspects of the Bankruptcy Cases by the Office if the United States Trustee will be simplified. Any prejudice resulting from the joint administration of the Bankruptcy Cases would be outweighed by the greater prejudice posed by the continued separate administration of the estates.

12. The Debtors submit that joint administration of the above-captioned Bankruptcy Cases is in their best interest, as well as those of their respective estates, creditors and other parties in interest.

229799985 v1

**PRIOR APPLICATION AND WAIVER OF BRIEF**

13. Debtors submit that this Motion does not present novel issues of law requiring the citation to any authority other than the authority cited herein, and, accordingly, respectfully request that the Court waive the requirement contained in the District of New Jersey Local Bankruptcy Rules, D.N.J. LBR 9013-2 that a separate memorandum of law be submitted.

No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion and such other relief as the Court deems just and appropriate under the circumstances.

ARCHER & GREINER, P.C.

Dated: December 22, 2024       */s/ Stephen M. Packman*
Stephen M. Packman
Douglas G. Leney
1025 Laurel Oak Road
Voorhees, NJ  08043
(215) 963-3300
(215) 963-9999 (fax)
spackman@archerlaw.com
dleney@archerlaw.com

*Proposed Counsel to the Debtor*

229799985 v1